IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMAR OSBORNE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-CV-3820-L (BF) |
| | § | |
| BEACON HILL STAFFING GROUP, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management, and Defendant Strategic Legal Solutions ("SLS") has filed a motion to dismiss for lack of personal jurisdiction and failure state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), respectively. For the following reasons, the District Court should GRANT the motion and DISMISS Plaintiff's claims against SLS without prejudice.

**Background**

Plaintiff Jamar Osborne, who is African-American, brings this civil action against SLS, a legal staffing agency, and other providers of temporary legal services for race discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.[1]

---

[1] Plaintiff originally filed this *pro se* lawsuit against Beacon Hill Staffing Group ("Beacon Hill") as a putative class action to recover unpaid overtime compensation under of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq. See* Pl. Compl. (Doc. 2) at 1, ¶ 1. Plaintiff amended his complaint to assert a claim for employment discrimination against Thomson Reuters, Hudson Legal, Hire Counsel, and SLS. *See* Pl. Am. Compl. (Doc. 20) at 2, ¶ 3. Plaintiff later voluntarily dismissed all of his claims against Beacon Hill and Thomson Reuters. *See* Pl. Notice of Vol. Dismissal with Prejudice (Doc. 47). Thus, the sole remaining claim is Plaintiff's employment discrimination claim against Hudson Legal, Hire Counsel, and SLS. Only SLS has filed a motion to dismiss Plaintiff's claim.

According to Plaintiff, SLS advertised an employment opportunity for a document review position on Craigslist.com. *See* Pl. Am. Compl. (Doc. 20) at 10, ¶ 38. The advertisement specified that one of the minimum requirements for the job was admission to the bar in any United States jurisdiction. *Id.* Plaintiff applied for the position, but was not hired because he is not a licensed attorney. *Id.* at 11, ¶ 39. Plaintiff contends SLS's bar admission requirement has a disparate impact on African-Americans and is not justified by business necessity. *Id.* at 12, ¶¶ 40-42. By this lawsuit, Plaintiff seeks a declaratory judgment that document review projects do not constitute practicing law and that SLS's bar admission requirement is unlawful and racially discriminatory. *Id.* at 18, ¶¶ E-F. Plaintiff also seeks injunctive relief, including an order requiring SLS to make him an offer of employment, and attorney's fees. *Id.*, ¶¶ G-I. SLS moves to dismiss this case for lack of personal jurisdiction and failure state a claim upon which relief can be granted. Plaintiff failed to file a written response to the motion. Accordingly, the Court considers SLS's motion to dismiss without the benefit of a response.

**Legal Standards**

Because personal jurisdiction is a threshold matter, the Court first considers SLS's arguments under Fed. R. Civ. P. 12(b)(2). *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 231 (5th Cir. 2012) (courts must decide issues of personal jurisdiction before ruling on the merits).

The assumption of personal jurisdiction in a case arising under federal law involves a two-step inquiry. First, absent a controlling federal statute, the defendant must be amenable to service of process under the forum state's long-arm statute. *Mink v. AAAA Development LLC*, 190 F.3d 333, 335 (5th Cir. 1999); *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). Second, the exercise of jurisdiction must comport with due process. *Mink*, 190 F.3d at 335; *Ham*,

4 F.3d at 415. The Texas Supreme Court has determined that the state's long-arm statute reaches as far as the federal constitutional requirements of due process permit. *Irving v. Owens-Corning Fiberglass Corp.*, 864 F.2d 383, 385 (5th Cir. 1989); *see also Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985). Accordingly, the court need only address the due process prong of the inquiry.

Due process for jurisdictional purposes consists of two elements. First, the defendant must have sufficient "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). These "minimum contacts" may be analyzed in terms of specific or general jurisdiction. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993). Specific jurisdiction exists when the contacts with the forum state arise from, or are directly related to, the cause of action. *Wilson*, 20 F.3d at 647. General jurisdiction is proper when the defendant has other "continuous and systematic" contacts with the forum unrelated to the pending litigation. *Id.*

If a non-resident defendant has sufficient minimum contacts with the forum state, the court then must consider whether the exercise of personal jurisdiction would "offend traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 114, (1987); *Wilson*, 20 F.3d at 647. This inquiry focuses on several factors, including: (1) the burden on the non-resident defendant; (2) the interests of the forum state; (3) the interest of the plaintiff in securing relief; (4) the interest of the judicial system in obtaining the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental substantive

social policies. *Asahi Metal*, 107 S.Ct. at 1033; *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 377 (5th Cir. 1987).

The plaintiff has the burden to establish a prima facie case of personal jurisdiction over a non-resident defendant. *Kelvin Serv., Inc. v. Lexington State Bank*, 46 F.3d 13, 14 (5th Cir. 1995). The court can make this determination without an evidentiary hearing based on the complaint, affidavits, and information obtained during discovery. *Colwell Realty Inv., Inc. v. Triple T Inns of Arizona, Inc.*, 785 F.2d 1330, 1333 (5th Cir. 1986). Any conflicts in the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir.1990).

**Analysis**

Plaintiff has failed to make the required prima facie showing that SLS has sufficient minimum contacts with the state of Texas to justify the exercise of general or specific personal jurisdiction. His only evidence is his amended complaint which simply states that SLS, a New York corporation, "has been and is currently conducting business in the State of Texas." Pl. Am. Compl. at 3, ¶ 10. Plaintiff wholly fails to allege any specific facts to support his assertion, and the Court is not required to credit conclusory allegations, even if they are uncontradicted. *Chang v. Virgin Mobile USA, LLC*, No. 3:07-CV-1767-D, 2009 WL 111570, at *2 (N.D. Tex. Jan. 16, 2009). Plaintiff does not allege that SLS owns property, maintains a business office, or pays taxes in Texas. He further fails to allege that SLS has any employees in Texas or that any employees frequently travel to Texas to regularly conduct business in the state. *See, e.g., Busch v. Viacom Int'l, Inc.*, 477 F. Supp. 2d 764, 773 (N.D. Tex. 2007) (Lindsay, J.) (identifying factual allegations that typically establish general personal jurisdiction to include allegations of property ownership, payment of

taxes, frequent travel, regular conduct of business, or maintenance of bank accounts in the forum). Nor does he allege specific facts to show that the nature or volume of SLS's alleged business in Texas is so substantial that it constitutes "continuous and systematic" contacts with the state. *See Helicopteros Nacionales*, 466 U.S. at 411, 415-19, (finding general personal jurisdiction lacking over nonresident defendant that purchased over $4 million in parts in six years from Texas company, sent prospective pilots to Texas for training, and received $5 million drawn upon Texas bank). Accordingly, Plaintiff's allegations fail to meet the burden of establishing that SLS has sufficient minimum contacts with Texas necessary to justify the Court's exercise of general personal jurisdiction. *See Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, No. 3:12-CV-1607-O, 2014 WL 360349, at *21 (N.D. Tex. Feb. 3, 2014) (allegation that non-resident defendant was "believed to be doing business in the State of Texas" was insufficient to show that defendant maintained continuous and systematic contacts with Texas, as required to support exercise of general personal jurisdiction).

Plaintiff also fails to allege any particular facts to show that SLS purposefully availed itself of the privileges of conducting activities in the forum state sufficient to justify the Court's exercise of specific personal jurisdiction. Plaintiff does not allege that SLS conducted any activities in Texas or intentionally targeted Texas residents. Rather, he alleges only that SLS posted on Craigslist.com an advertisement for employment in an unspecified location. Pl. Am. Compl. at 10, ¶ 38. That Plaintiff accessed the job posting on a website accessible to internet users everywhere does not indicate that SLS affirmatively sought to do business with a Texas resident. *See Revell v. Lidov*, 317 F.3d 467, 475 (5th Cir. 2002) (finding that the court lacked personal jurisdiction over author of an internet bulletin board posting "because the post to the bulletin board was presumably directed at the

5

entire world" and was not "directed specifically at Texas"); *Dymatize Enter. Inc. v. Reflex Nutrition Ltd.,* No. 3:07-CV-907-M, 2008 WL 161021, at *4 (N.D. Tex. Jan. 17, 2008) (holding that mere possibility that Texas audience would read the statements on internet website does not establish "purposeful availment" of the benefits and protections of Texas); *Dearwater v. Bond Mfg. Co.*, No. 1:06-CV-154, 2007 WL 2745321, at *7 (D.Vt. Sep. 19, 2007) (holding that defendant's job posting on Careerbuilder.com and Craigslist.com for position in the Western United States which reached plaintiff in Vermont did not meet the "purposeful availment" requirement because defendant was not purposefully reaching into Vermont, but rather advertising nationally for a position to be based elsewhere).  Plaintiff's allegations thus fail to meet the burden of establishing that SLS has sufficient minimum contacts with Texas necessary to justify the Court's exercise of personal jurisdiction.  The District Court should grant SLS's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2).[2]

## RECOMMENDATION

The District Court should GRANT Strategic Legal Solutions' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 41) and DISMISS without prejudice Plaintiff's claims against this defendant.

SO RECOMMENDED, April 14, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] Because this case should be dismissed for lack of personal jurisdiction, the Court does not reach SLS's argument that Plaintiff's complaint fails to state a claim upon which relief can be granted. *Pervasive Software*, 688 F.3d at 231 (affirming district court's decision to dismiss case for lack of personal jurisdiction and decline to rule on the merits of defendant's Rule 12(b)(6) arguments).

6

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).